*Renee S. Townsley*
*Clerk/Administrator*

*(509) 456-3082*
*TDD #1-800-833-6388*

# The Court of Appeals
## of the
## State of Washington
### Division III



*500 N Cedar ST*
*Spokane, WA 99201-1905*

*Fax (509) 456-4288*
*http://www.courts.wa.gov/courts*

May 30, 2017

**E-mail**
John L. Cross
Kitsap County Prosecutor's Office
614 Division St
Port Orchard, WA 98366-4681

John A. Hays
Attorney at Law
1402 Broadway St
Longview, WA 98632-3714
jahays@3equitycourt.com

> CASE # 349730
> State of Washington, Respondent v. La'Juanta Le'Vear Conner, Appellant
> KITSAP COUNTY SUPERIOR COURT No. 111004358

Counsel:

Enclosed please find a copy of the opinion filed by the Court today. A party need not file a motion for reconsideration as a prerequisite to discretionary review by the Supreme Court. RAP 13.3(b); 13.4(a). If a motion for reconsideration is filed, it should state with particularity the points of law or fact which the moving party contends the court has overlooked or misapprehended, together with a brief argument on the points raised. RAP 12.4(c). Motions for reconsideration which merely reargue the case should not be filed.

Motions for reconsideration, if any, must be filed within twenty (20) days after the filing of the opinion. Please file an original and two copies of the motion (unless filed electronically). If no motion for reconsideration is filed, any petition for review to the Supreme Court must be filed in this court within thirty (30) days after the filing of this opinion (may be filed by electronic facsimile transmission). The motion for reconsideration and petition for review must be received (not mailed) on or before the dates they are due. RAP 18.5(c).

Sincerely,

*Renee S. Townsley*

Renee S. Townsley
Clerk/Administrator

RST:pb
Enc.

c:  **E-mail** Hon. Jeanette Dalton
c:  La'Juanta Le'Vear Conner
    #359680
    Washington State Penitentiary
    1313 N. 13th Ave.
    Walla Walla, WA 99362

IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | No. 34973-0-III |
| | ) | |
| Respondent, | ) | |
| | ) | |
| v. | ) | UNPUBLISHED OPINION |
| | ) | |
| LA'JUANTA LE'VEAR CONNER, | ) | |
| | ) | |
| Appellant. | ) | |

LAWRENCE-BERREY, A.C.J. — La'Juanta Le'Vear Conner appeals his sentence

and assigns error to the trial court's refusal to rule on his CrR 7.8(b) motion. Because Mr.

Conner failed to properly note his motion, we conclude the trial court did not err.

FACTS

In 2012, a jury found Mr. Conner guilty of several crimes relating to a series of

home invasions. He appealed his convictions and filed a personal restrain petition (PRP).

Among other theories, Mr. Conner asserted in his PRP that the State vindictively

prosecuted him for refusing to accept a plea bargain. Division Two of this court vacated

one conviction and remanded to the trial court for resentencing on the remaining

convictions and 12 firearm enhancements.

To accommodate transport, the trial court scheduled Mr. Conner's resentencing hearing for March 18, 2016. Prior to the hearing, Mr. Conner mailed a handwritten CrR 7.8(b)(2) motion to the sentencing court. On February 29, 2016, the sentencing court filed that motion on behalf of Mr. Conner. The trial court also appointed new defense counsel for Mr. Conner.

In the motion, Mr. Conner alleged his original trial counsel was ineffective for not informing him of the State's plea offer, and requested the sentencing court to schedule an evidentiary hearing. Mr. Conner attached a sworn declaration describing his lack of knowledge of any plea offer and noting that his original trial counsel had been disbarred for failing to inform clients of plea offers.

Defense counsel requested a continuance of the resentencing hearing for additional time to research and brief various sentencing theories, as well as time to investigate Mr. Conner's allegation raised in his CrR 7.8(b)(2) motion. The trial court continued the resentencing hearing to March 18, 2016, but defense counsel was unavailable on that date and did not attend. The trial court again continued the resentencing hearing to March 25, 2016.

Defense counsel submitted a brief that argued various sentencing theories not at issue in this appeal. At the hearing, the State acknowledged that Mr. Conner had filed a

2

CrR 7.8(b)(2) motion requesting relief from judgment because of newly discovered evidence. The State acknowledged that Mr. Conner's prior counsel had a history of failing to report plea bargains to clients. According to the State, because of this history, it had placed its plea offer on the record in the original trial.

The sentencing court read the clerk's minutes from the original trial and commented: "[T]he indication was that the State would provide a plea agreement to [original defense counsel] before the next hearing. So that was actually incorporated in the minute entry on September 16. The next hearing is September 21. There's simply no mention one way or the other of the plea agreement." Report of Proceedings (RP) at 5. The State maintained that it had presented the offer on the record.

Defense counsel briefly addressed the CrR 7.8 motion. "I'll start by noting my client and I have discussed that. Mr. Conner was aware that he didn't note that motion, but I don't feel that we're prejudiced." RP at 7.

The parties then addressed the resentencing issues. Prior to sentencing, the court provided Mr. Conner his right of allocution. Mr. Conner discussed his sentencing concerns and then began discussing his CrR 7.8(b)(2) motion. He argued his original trial counsel was ineffective for failing to inform him of a plea offer from the State. He

maintained that his counsel had neither informed him of his potential maximum sentence nor communicated an offer to him.

Defense counsel then addressed the CrR 7.8(b)(2) motion. Backtracking on his previous statement, defense counsel said he was *not* prepared to argue the motion, and reiterated that the motion was not properly noted. Defense counsel said that a more formal hearing was necessary, and told the court, "I'm asking that the Court not address the [CrR] 7.8 motion . . . . I want to withdraw all that and simply state this proposition." RP at 29. Counsel ended by saying, "I should not have said I was prepared to represent him on the 7.8. I wasn't hired to do it. I haven't done any work on it. My request is that we set that over pursuant to the rule."[1] RP at 30.

The sentencing court treated the motion as withdrawn and stated, "I'm not going to address the 7.8." RP at 30. The court explained:

> [THE COURT:] Mr. Conner, I can't possibly know what occurred between you and [former counsel] in terms of your discussions with him and your trial strategy, how much of this was him, how much of this was you, and that is not in any record before me. Given that, I'm not going to address it so that you still have the opportunity to perfect that issue, if you wish.
> [Mr. Conner]: Referring to the 7.8; right?
> THE COURT: Right. But this is not the place to start that issue.
> [Mr. Conner]: Okay. That's why I sent you the motion.

---

[1] Because defense counsel did not represent Mr. Conner in connection with the CrR 7.8 motion, we determine the doctrine of invited error does not apply.

THE COURT: I'm not going to address it because it's not properly before me.

RP at 33. The court said it could not give Mr. Conner legal advice and told him if he had questions, he should talk to defense counsel.

The court sentenced Mr. Conner to 1,148.5 months of incarceration. Mr. Conner timely appealed.

## ANALYSIS

Mr. Conner contends the trial court erred by refusing to rule on his motion. He contends that CrR 7.8(c) requires the trial court to determine if the motion is time barred by RCW 10.73.090; and if it is not time barred, to either set a hearing if the motion is meritorious or to transfer the motion to the Court of Appeals. The State responds that the trial court set the motion over because Mr. Conner failed to properly note it and, for this reason, there is no decision for this court to review.

CrR 7.8(b)(2) authorizes a trial court, on motion, to relieve a criminal defendant from a judgment of guilty on the basis of newly discovery evidence. CrR 8.2 provides that CrR 3.5, CrR 3.6, and CR 7(b) governs motions in criminal cases. CR 7(b) describes the process and form for motions. Although CR 7(b) does not explicitly require motions to be noted for a specific date and time, local rules throughout the state, including Kitsap County, contain this supplemental requirement.

5

No. 34973-0-III
*State v. Conner*

A trial court has discretion whether to waive or enforce its local rules. *Ashley v. Superior Court*, 83 Wn.2d 630, 636, 521 P.2d 711 (1974). We cannot find that the trial court abused its discretion when insisting on compliance with its local rule. The trial court insisted on compliance so further information could be provided to assist in its analysis of whether to retain the motion for the reasons set forth in CrR 7.8(c) or to transfer the motion to us. We, therefore, affirm the sentencing court's decision allowing Mr. Conner to properly note his motion.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

Lawrence-Berrey, A.C.J.

WE CONCUR:

Korsmo, J.

Siddoway, J.

6